**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ROBERT GRAGG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 09-773-GPM** |
| ) | |
| **ALFA LAVAL, INC.,** as successor in ) | |
| interest to DeLaval Separator Company, ) | |
| et al.,                              ) | |
| ) | |
| **Defendants.** ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand of this case to state court brought by Plaintiff Robert Gragg (Doc. 16). This case, in which Gragg seeks damages for personal injuries allegedly caused by exposure to asbestos, was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") has removed the case to this Court.[1] Federal subject matter jurisdiction is alleged on the basis of 28 U.S.C. § 1442, the so-called "federal officer" removal statute. Having considered the matter carefully, the Court now rules as follows.

---

1.    It appears from the record of this case that, in addition to Alfa Laval, Inc., Foster Wheeler's co-Defendants are:   Buffalo Pumps, Inc., individually and as successor in interest to Buffalo Forge Co.; Crane Co., individually and as successor in interest to Chapman Valve Co.; Garlock Sealing Technologies, LLC, individually and as successor in interest to Garlock, Inc.; Gorman-Rupp Co., individually and as successor in interest to C.H. Wheeler; Imo Industries, Inc., individually and as successor in interest to De Laval Turbine, Inc., and Warren Pumps, LLC; ITT Industries, Inc., individually and as successor in interest to Bell & Gossett; John Crane, Inc.; Trane U.S., Inc., f/k/a American Standard, Inc.; Union Carbide Corp.; Western Auto Supply Corp.; and Yarway Corp.

A defendant seeking removal bears the burden of establishing federal subject matter jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007). Removal is proper if it is based on permissible statutory grounds and if it is timely. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Battle v. Countrywide Home Loans, Inc.*, No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005). Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court. *See Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at *1 (S.D. Ill. Aug. 24, 2007); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

In this case, as noted, the asserted basis for federal subject matter jurisdiction is 28 U.S.C. § 1442, which provides, in relevant part, for the removal of "[a] civil action  . . . commenced in a State court against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal under Section 1442, Foster Wheeler must prove three elements:  (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Gragg's claims and the acts Foster Wheeler allegedly performed under the direction of a federal officer; and (3) Foster Wheeler has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489

U.S. 121, 129 (1989); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007).[2]

In Gragg's motion for remand of this case to state court two grounds for remand are asserted: first, that Foster Wheeler failed to obtain consent to the removal of this case from its co-Defendants that were properly joined and served when this case was removed; and second, that Foster Wheeler's co-Defendant John Crane, Inc. ("Crane"), is a citizen of Illinois, where this case was brought, so that the removal of this case violates the so-called "forum defendant" rule. Neither of these asserted grounds for remand has merit. The consent of Foster Wheeler's co-Defendants to the removal of this case is not required because removal under 28 U.S.C. § 1442 is not governed by the federal common-law "rule of unanimity," whereby all defendants that are properly joined and served when a case is removed must consent to the removal. *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842-43 (S.D. Ill. 2006). Similarly, the fact that Crane is an Illinois citizen has no bearing on the propriety of the removal of this case. The forum defendant rule provides generally, of course, that in a case in which federal subject matter jurisdiction is asserted on a basis other than a claim or right arising under federal law, the case cannot be removed to a federal court in the state where the case was brought if any defendant properly joined and served at the time of removal is a citizen of that state. *See* 28 U.S.C. § 1441(b); *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315 (7th Cir. 1994); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *3 (S.D. Ill.

--------

2.   Here the parties do not dispute that Foster Wheeler, a corporation, is a "person" for purposes of the first prong of the test of federal officer jurisdiction. *See Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *2 (S.D. Ill. Oct. 22, 2009) ("[A] corporation is a 'person' within the meaning of 28 U.S.C. § 1442[.]").

Nov. 7, 2009). However, a removal in violation of the forum defendant rule is procedurally defective, not jurisdictionally defective, and a failure to object to the removal on the basis of the forum defendant rule within thirty days after the removal waives the defect. *See* 28 U.S.C. § 1447(c); *Holmstrom v. Peterson*, 492 F.3d 833, 835-36 (7th Cir. 2007); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378-80 (7th Cir. 2000); *Stephens*, 2009 WL 3756444, at *3 (citing *In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994)); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 (S.D. Ill. 2006). Here this case was removed on September 23, 2009, but Gragg did not object to the removal on the basis of the forum defendant rule until November 10, 2009, well over thirty days later. Thus, Gragg's objection is waived. Also, the forum defendant rule does not apply to cases removed in federal officer jurisdiction because such cases are "founded on a claim or right arising under the Constitution, treaties or laws of the United States," specifically, the colorable federal defense that, as noted, a defendant seeking removal on thwe basis of federal officer jurisdiction must assert. 28 U.S.C. § 1441(b). The purpose of Congress in enacting 28 U.S.C. § 1442 was to broaden the class of cases that could be entertained by federal courts as "arising under" federal law within the meaning of Article III of the Constitution by authorizing removal on the basis of a defense created by federal law. *See Ross v. U.S. Internal Revenue Special Agents*, 793 F. Supp. 180, 182 (S.D. Ind. 1991) (citing *Mesa*, 489 U.S. at 136). Thus, "the raising of a federal question in the officer's removal petition . . . constitute[s] the federal law under which the action against the federal officer arises for Art. III purposes." *Id.* Because an action removed in federal officer jurisdiction arises under federal law, such an action is not subject to the forum defendant rule. *See LaMotte*, 27 F.3d at 315. Accordingly, the Court rejects Gragg's asserted grounds for remand of this case.

However, despite the inadequacy of the arguments for remand offered by Gragg, the Court is not precluded from investigating the existence of federal subject matter jurisdiction in this case independent of Gragg's arguments for remand, and indeed the Court has a duty to undertake such an investigation.  "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) (citing *Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003)). *See also Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wiess v. Wal-Mart Stores, Inc.*, Civil No. 09-887-GPM, 2009 WL 3713353, at **2-3 (S.D. Ill. Nov. 4, 2009) (independently investigating the existence of federal diversity jurisdiction in a removed case and remanding the case for lack of subject matter jurisdiction, notwithstanding the inadequacy of the argument for remand proffered by the plaintiff in the case); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed.  Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted).  Having independently reviewed the existence of federal subject matter jurisdiction in this case, the Court concludes that the case is due to be remanded to state court.

Foster Wheeler claims in its notice of removal that it is entitled to invoke federal officer jurisdiction because at least part of Gragg's alleged exposure to asbestos occurred during his service in the United States Navy ("USN") aboard the U.S.S. *Stribling*, a vessel for which Foster Wheeler claims that it manufactured components, including boilers and economizers, that contained asbestos.

With respect to the second prong of the test of federal officer jurisdiction, acting under a federal officer, Foster Wheeler claims that it acted under the direction of the USN in designing equipment for the U.S.S. *Stribling*.  As to the third prong, a colorable federal defense, Foster Wheeler claims that it is entitled to assert the so-called "government contractor defense," under which, of course, a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if:  (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States.  *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006).  To establish the second prong of the test of federal officer jurisdiction with respect to Gragg's state-law claims of strict products liability and negligence against Foster Wheeler based on the latter's alleged failure to warn of the asbestos contained in the products that the company furnished to the USN, Foster Wheeler must produce evidence that the USN prevented the company from complying with its duty to warn under state law.  *See Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at **6-7 (S.D. Ill. Oct. 3, 2007).[3]  Similarly, to establish the first prong of the government contractor defense, Foster Wheeler must show that the USN approved specific warnings that precluded Foster Wheeler from complying with its state-law duty to warn.  *See id.* at *9.

---

3.    It appears that on October 26, 2009, Gragg filed an amended complaint in the Madison County circuit court.  *See* Doc. 19.  However, the amended complaint does not alter the substance of Gragg's claims against Foster Wheeler and, furthermore, any activity in this case in Illinois state court after the removal of the case is a nullity.  *See Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 726 (Ill. 1992).

The only evidence produced by Foster Wheeler in support of its claim of federal officer jurisdiction are affidavits by J. Thomas Schroppe, an employee of Foster Wheeler from 1962 until 1999, and Ben J. Lehman, who served as a ship superintendent in the USN and who claims in that capacity to have had personal involvement with the supervision and oversight of ship construction as well as ship alterations and equipment overhauls. *See* Doc. 2-3 at 50-62. In the past the Court has attached little significance to such evidentiary materials, unaccompanied as they are by exemplar contracts between the USN and its contractors or pertinent regulations promulgated by the USN or another responsible agency. *See Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at **3-4 (S.D. Ill. Mar. 28, 2008). Most importantly, even assuming for the sake of argument that it is the case that, as Schroppe and Lehman attest in their affidavits, the USN exercised the final control over the content of the warnings that accompanied the equipment supplied to it by Foster Wheeler, this does not negative the possibility that Foster Wheeler had responsibility for designing the warnings, in whole or in part, or that the USN required contractors like Foster Wheeler to provide safety warnings in accordance with state-law duties of care. *See id*. at *4. The Court is mindful that, "[b]ecause federal officer removal is rooted in 'an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit,' although such jurisdiction is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Weese*, 2007 WL 2908014, at *3 (quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1150, 1152 n.6 (D. Colo. 2002)). Additionally, the Court is required to construe the record in this case "in the light most favorable to remand while resolving all deficiencies in the record against . . . the proponent of removal[.]" *Alsup*, 435

F. Supp. 2d at 846.  Finally, while the Court recognizes that "a federal defense sufficient to permit removal under [28 U.S.C. § 1442] need only be colorable, not guaranteed to prevail," *Weese*, 2007 WL 2908014, at *4, on the state of the record Foster Wheeler has not put forward sufficient evidence even to raise an inference of a colorable federal defense.  The Court concludes that federal subject matter jurisdiction on the basis of the federal officer statute does not exist in this case, and therefore the case will be remanded to state court.

To conclude, for the reasons stated above, Gragg's motion to remand (Doc. 16) is **DENIED**.  However, as discussed, the Court's independent investigation of the existence of federal subject matter jurisdiction in this case leads the Court to conclude that subject matter jurisdiction pursuant to 28 U.S.C. § 1442 does not exist in this case.  Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  November 20, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge